IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>  v.<br><br>ARISE VIRTUAL SOLUTIONS INC.,<br><br>    Defendant. | Case Number 0:23-cv-61246-DMM |

**DEFENDANT ARISE VIRTUAL SOLUTIONS INC.'S MOTION TO STRIKE
PLAINTIFF'S WITNESS LIST**

Defendant Arise Virtual Solutions Inc. ("Defendant" or "Arise"), by and through its undersigned counsel pursuant to the Federal Rule of Civil Procedure ("Federal Rule") 37(c)(1) and Federal Rule 16(f), hereby moves the Court to strike Plaintiff Julie A. Su's, Acting Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Department" or the "DOL") witness list.

### I.   INTRODUCTION

In advance of the July 15 trial date, Plaintiff has served upon Arise a witness list that contains *tens of thousands* of individuals it may or may not call to testify at trial. When Arise attempted to meet and confer with Plaintiff regarding its untenable witness list, Plaintiff declared that it is the DOL's intention to call witnesses "until the Court tells [it] to stop." In fact, Plaintiff has refused to whittle, clarify, or make any revisions to its witness list at all. Faced with no ability to effectively prepare for trial, Arise is forced to seek the intervention of the Court.

## II. BACKGROUND

On April 4, 2024, Plaintiff served Arise with the list of witnesses it may call to testify at trial. (*See* Plaintiff's Witness List, attached as Exhibit A.) Plaintiff's witness list includes 397 named witnesses and then goes on to include, in summary fashion, any or all of "Arise's current and former employees," and "Arise's current and former Service Partners and Agents, including, but not limited to, those individuals listed on the Appendix A of the Acting Secretary's Complaint[.]" (*See id.*) Plaintiff is well aware that Arise has tens of thousands of current and former employees, Service Partners, and Agents; in fact, there are over 22,000 Service Partners and Agents listed in Plaintiff's Appendix A alone.

On April 23, 2024, Arise sent Plaintiff a letter in an attempt to meet and confer regarding the unworkable deficiencies in Plaintiff's witness list, which violates the Court's Scheduling Order ("The parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial"); Fed. R. Civ. P. 26(a)(3), and the ABA Model Rules of Professional Conduct 3.4 ("A lawyer shall not . . . knowingly disobey an obligation under the rules of the tribunal").) (*See* Apr. 23, 2024 Letter from Arise to Plaintiff, attached as Exhibit B.) Arise requested simply that Plaintiff comply with the rules and provide a meaningful witness list by the end of the day on April 30, 2024.

On April 26, 2024 the parties met and conferred. Counsel for the DOL stated—without equivocation—that Plaintiff intends "to call Agents until the Court tells us to stop" and is prepared to have 500 Agents "lined up and ready to go."

Unfortunately, these tactics are a matter of course for Plaintiff, who has also refused to provide any fact statements or related documents for any of its witnesses in advance of trial.[1]

---

[1] Plaintiff has produced redacted documents that include interview statements with no

2

Indeed, Plaintiff flatly refuses to provide any witness statements to Arise *until after the witness has actually taken the stand at trial.* (*See* Apr. 29, 2024 Letter re Discovery Deficiencies, attached as Exhibit C.)

Nor did Plaintiff identify any specific individual Service Partner, Agent, or Arise employee in its Rule 26(a)(1) initial disclosures, thereby depriving Arise of the ability to depose or otherwise pursue discovery related to these witnesses who Plaintiff have added to their sweeping witness list. Plaintiff appears unconcerned that this conduct is improper. *See Lawson v. Plantation Gen. Hosp., L.P.*, No. 08-61826-CIV-ROSENBAUM, 2010 WL 11504835, at *4 (S.D. Fla. May 3, 2010) (striking witness not previously disclosed where defendant "faced with the choice of either proceeding blindly at trial by cross-examining a witness whom counsel has not deposed, or agreeing to re-open discovery in order to depose the witness, but taking valuable time away from counsel's trial preparation. . . . either of these choices would be unduly prejudicial").

On May 1, 2024, Plaintiff doubled down on this stance, refusing to in any way revise or limit the April 4 witness list. (*See* Apr. 30, 2024 Letter from Plaintiff to Arise, attached as Exhibit D) ("[I]n FLSA litigation, it is the Acting Secretary's standard practice to list all affected workers as potential witnesses . . . . In a good faith effort to comply with the Court's Order, the Acting Secretary was intentional in her language: Paragraph four of the Acting Secretary's witness list provides the names of 19 Arise employees that the Acting Secretary '*will likely call* at trial,' while acknowledging that the Acting Secretary '*may call* any of [Arise's] employees as a witness;' and similarly, Paragraph five lists 375 named Agents that the Acting Secretary '*will*

---

information identifying who was interviewed. Presumably, some of these redacted statements are from witnesses Plaintiff intends to call, but Arise has no way to know until Plaintiff provides unredacted versions of these documents.

3

*likely call at trial*,' while acknowledging that the Acting Secretary '*may call*' any of the individuals listed on Appendix A to the Acting Secretary's Complaint.")

The trial by ambush that Plaintiff is very intentionally orchestrating is precisely what the rules forbid.  It is sanctionable and surprising conduct by the Government, which should know better and should take its obligations more seriously.  *See* ABA Model R. of Prof. Conduct 34(c)( ("A lawyer shall not . . . knowingly disobey an obligation under the rules of the tribunal.").

Left with no choice, Arise now moves to strike Plaintiff's witness list for failure to comply with the Federal Rules and the Court's Scheduling Order.

### III.    LEGAL STANDARD

The federal procedural and ethical rules have long disfavored trial by ambush.  Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires that a party must inform the other parties of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  Initial disclosures must be "based on the information then reasonably available to [the disclosing party].  A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E).

With respect to pretrial obligations, the Federal Rules mandate that a party must "provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:  (i) the name and, if not previously provided,

4

the address and telephone number of each witness separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(i).

If a party fails to comply with the requirements of Rule 26(a) or (e), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[A]n evasive or incomplete disclosure . . . must be treated as a failure to disclose[.]" Fed. R. Civ. P. 37(a)(4). Failure to make a disclosure is only harmless "when there is no prejudice to the party entitled to receive the disclosure." *Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc.*, No. 1:22-CV-21456, 2023 WL 8476459, at *2 (S.D. Fla. Oct. 31, 2023). Finally, "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

Failure to obey the Court's scheduling order is also sanctionable. Fed. R. Civ. P. 16(f)(1)(C). The Court "has inherent power to manage its proceedings and to control the conduct of those that appear before it," including "the power to sanction parties and lawyers, as well as to 'achieve the orderly and expedition [*sic*] disposition of cases.'" *Ulysse v. Waste Mgmt. Inc. of Fla.*, No. 11-cv-80723, 2013 WL 12177856, at *1 (S.D. Fla. Nov. 4, 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) and quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1106, 1121 (11th Cir. 2001)).

### IV.   ARGUMENT

**A.   Plaintiff's Witness List is Meaningless and Does Not Inform the Court or Arise of the Witnesses Plaintiff Intends to Call at Trial**

Far from specifically identifying which witnesses Plaintiff intends to call at trial, as is required, Plaintiff has instead left Arise to guess which of the tens of thousands of current and

5

former employees, Service Partners, and Agents Plaintiff will call as witnesses. Plaintiff may just as well have provided no witness list at all, since this one is "utterly useless" for preparation for trial. *See Ulysse*, 2013 WL 12177856, at *1. Courts have repeatedly rejected such tactics. In *Ulysse*, for example, plaintiff submitted a witness list that set forth 84 individual witnesses as well as "all persons disclosed in discovery." *Id.* The court rejected plaintiff's proposed witness list, explaining that "[t]he inclusion of 84 individual witness names as well as the catch-all 'all persons disclosed in discovery' masks the identity of witnesses which Plaintiff truly intends to call as well as prevents Defendant from efficiently preparing for trial." *Id.* Here, Plaintiff's witness list is far more egregious than the one the court struck in *Ulysse*: Plaintiff has listed almost 400 individuals it "will likely call" at trial and included as a catch-all *all* of Arise's current and former employees *and* all of its current and former Service Partners and Agents, making the universe of potential witnesses number in the tens of thousands.

As it stands, the DOL has made it impossible for Arise to ascertain whether it intends to call 20, 200, 2,000 or 20,000 witnesses at trial. This puts Arise at an unjustifiable disadvantage. It also makes it impossible for the Court to determine the judicial resources and time needed to try this important case. And the only clarification Plaintiff provided, when pressed, is that it intends to keep calling witnesses until the Court directs it to stop—in other words, the trial could last anywhere from 5 or 6 months to 5 or 6 years. Even the lower bounds of this estimate would be unreasonable. At the outer bounds, the Court would need to clear its docket and seat a jury for a multiyear trial.

It is impermissible for Plaintiff to use ambiguous descriptors in its witness list to lump in large groups of possible witnesses without providing specificity about exactly which members of those groups Plaintiff actually intends to call. *See Sunrise of Coral Gables Propco*, 2023 WL

6

8476459, at *1, *3 (witness list improper where it failed to provide witnesses' names and "because it repeatedly used the term 'Representative(s),' thereby making it impossible to know with certainty whether Defendant intended to call one, two, three, or even more representatives from each entity"). "It should not be up to [Arise] to play a guessing game and decipher which specific witnesses [Plaintiff] would call" from the two groups identified in the witness list, "especially when [Plaintiff] failed to specify how many witnesses would be called" from each group. *Id.* at *4.

Not only has Plaintiff refused to provide Arise with a meaningful list of the witnesses it intends to call at trial, but Plaintiff has also repeatedly refused to share with Arise factual statements and email communications made to the Department's investigators by the individuals listed in Appendix A, despite the fact it has identified all of them as potential trial witnesses. Moreover, to the extent Plaintiff did produce any such factual statements or emails, Plaintiff completely redacted all identifying information associated with any of those statements, making it impossible for Arise to determine which witness will testify to which facts. (*See, e.g.*, Def's Mot. to Compel, ECF No. 60, Apr. 15, 2024.) Further, Plaintiff made clear in the April 26 meet and confer that it does not intend to rectify any of these deficient disclosures until after the potential witnesses have already taken the stand. (*See* Ex. C.)

Because there is no way the Court can accurately assess the time and resources needed for trial, and no way Arise can adequately prepare its defense, the witness list should be stricken. As the *Ulysse* court made clear, "Plaintiff may not attempt to hide a needle in a haystack." It "cannot escape [its] duty to produce—in good faith—a realistic list of the witnesses . . . [it] actually plans to present at trial." *Ulysse*, 2013 WL 2177856, at *1; *see also Sunrise of Coral Gables Propco*, 2023 WL 8476459, at *4 ("Defendant's failure to specify not only the names of

its witnesses but also how *many* it intends to call put[s] Plaintiff at an unjustifiable disadvantage. . . . It should not be up to Plaintiff to play a guessing game and decipher which specific witnesses Defendant would call[.]").

> B.  **Plaintiff's Failure to Disclose the Witnesses it Intends to Call at Trial is Not Substantially Justified or Harmless**

Plaintiff cannot meet its burden to show that its witness list is substantially justified or harmless—i.e., that it will not prejudice Arise. Plaintiff's response to Arise's request for a reasonable and meaningful witness list was to decree that Plaintiff will call as many witnesses as the Court will allow, and will intentionally withhold until after each witness has already testified any documents or information that would give Arise a clue what the potential witness might have to say. Plaintiff's response plainly constitutes bad faith. *See Ulysse*, 2013 WL 12177856, at *1 ("Here, the Court finds Plaintiff has acted in bad faith in submitting a useless . . . witness list[.]"). It also violates Rule 37(c)(1) and the Court's Scheduling Order, and is subject to sanctions under Federal Rule 16(f).

Arise cannot adequately prepare for trial without the names of the reasonable number of witnesses Plaintiff actually intends to call, and the factual statements made by those witnesses. *See Sunrise of Coral Gables Propco*, 2023 WL 8476459, at *4 ("Defendant's failure to specify not only the names of its witnesses but also how many it intends to call put Plaintiff at an unjustifiable disadvantage. . . . It should not be up to Plaintiff to play a guessing game and decipher which specific witness Defendant would call from the seven different corporations, especially when Defendant failed to specify how many witnesses would be called from *each* corporation and some of them were never disclosed at all."). It is unfortunate that such a run-of-the-mill request should require Court intervention. But Plaintiff's machinations have left Arise

8

hopelessly unable to prepare for a trial that is now only 2 ½ months away.  Nor can the Court effectively plan for such a trial.[2]

## V.   CONCLUSION

For the reasons set forth above, Arise requests that the Court strike Plaintiff's witness list. Arise also seeks reasonable attorneys' fees that it has incurred in connection with the pursuit of this motion pursuant to Federal Rules 16(f)(1)(C) and 37(c)(1)(A).

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), we hereby certify that counsel for Defendant have conferred with counsel for the Plaintiff via letter and teleconference prior to filing this Motion, and the parties have made a good-faith effort to resolve the issues raised in this motion.  Plaintiff does not agree to the relief requested herein.

---

[2] Arise has separately moved for a trial management conference to discuss its concerns regarding the triability of Plaintiff's case.

Dated: May 3, 2024

Respectfully submitted,

**STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC**
2 South Biscayne Boulevard, Suite 1600
Miami, Florida 33131
T: (305) 614-1400; F: (305) 614-1425

 /s/ Ryan K. Stumphauzer
Ryan K. Stumphauzer, Fla. Bar No. 12176
rstumphauzer@sknlaw.com

**O'MELVENY & MYERS LLP**
Gregory F. Jacob (*pro hac vice*)
Jeffrey E. Gordon (*pro hac vice*)
1625 Eye St., N.W.
Washington, DC 20006
gjacob@omm.com
jgordon@omm.com
(202) 383-5300

Adam P. KohSweeney (*pro hac vice*)
Damali A. Taylor (*pro hac vice pending*)
Katy (Yin Yee) Ho (*pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
akohsweeney@omm.com
kho@omm.com
(415) 984-8700

Jeffrey A.N. Kopczynski (*pro hac vice*)
Sloane Ackerman (*pro hac vice*)
7 Times Square
New York, NY 10036
sackerman@omm.com
(212) 326-2000

Hannah E. Dunham (*pro hac vice pending*)
400 South Hope Street
Los Angeles, CA 90007
hdunham@omm.com
(213)-430-6000

*Counsel for Defendant*
*Arise Virtual Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 3, 2024, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          */s/ Ryan K. Stumphauzer*
                                          **RYAN K. STUMPHAUZER**