UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61246-MIDDLEBROOKS/AUGUSTIN-BIRCH

**JULIE A. SU, ACTING
SECRETARY OF LABOR,**

      Plaintiff,

v.

**ARISE VIRTUAL SOLUTIONS, INC.,**

      Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND CONVERTING DISCOVERY HEARING INTO A DISCOVERY STATUS CONFERENCE

The Honorable Donald M. Middlebrooks, United States District Court Judge, referred discovery motions in this case to the undersigned United States Magistrate Judge. DE 43. The case now comes before the Court on Defendant Arise Virtual Solutions, Inc.'s Motion to Compel. DE 104. Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, filed a Response, and Defendant filed a Reply. DE 119; DE 126. The Court has carefully considered the parties' briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. The Court converts the Discovery Hearing scheduled for June 24, 2024, at 1:30 p.m. Eastern Standard Time into a Discovery Status Conference, to take place via Zoom Video Teleconference.

## I.     Background

In this case brought under the Fair Labor Standards Act ("FLSA"), Plaintiff alleges that Defendant "provides remote call center services to its clients" using "a nationwide workforce consisting of tens of thousands of workers, which [Defendant] identifies as 'Service Partners' and/or 'Agents' and classifies as independent contractors." DE 1 ¶ 1 (footnotes omitted). Plaintiff further alleges that Defendant "misclassif[ied] at least 22,000 of these workers as independent contractors" and failed to pay them minimum and overtime wages as required for employees under the FLSA. *Id.* ¶ 4. Appendix A to the Complaint lists a total of 22,359 purportedly misclassified workers by name. DE 1-2. Plaintiff seeks an injunction restraining Defendant from violating the FLSA and seeks an order requiring Defendant to pay the workers listed in Appendix A the minimum and overtime wages and liquidated damages they are due. DE 1 at 13–14. The discovery deadline in this case passed on May 2, 2024, and the case currently is set for trial during the two-week period beginning July 15, 2024. DE 22 (Scheduling Order).

## II.    Analysis

Defendant raises three issues in its Motion to Compel: (1) Plaintiff's email search, (2) the sufficiency of her latest privilege log, and (3) her search for other responsive documents. DE 104 at 2–3. Defendant states in its Reply to the Motion to Compel that the parties have resolved their dispute over the third issue. DE 126 at 2. Thus, the Motion to Compel is denied as moot as to that issue. The Court proceeds to address the parties' disputes concerning Plaintiff's email search and the sufficiency of her latest privilege log.

### A. Plaintiff's Email Search

As the first issue in the Motion to Compel, Defendant argues that Plaintiff's production of emails is inadequate. Defendant requests that Plaintiff be compelled to search the email files of five custodians using six search terms. DE 104 at 2–3.

Defendant's counsel raised the issue of custodians and search terms for a search of Plaintiff's emails to her counsel on April 22, at the latest. *See* DE 126-1 at 7. This District's Local Rules require a party to submit a discovery dispute to a court within 28 days of the date the party first raised the issue with the opposing party. Southern District of Florida Local Rule 26.1(g)(2)(A)(iv). Defendant did not bring this dispute to the Court in a timely manner by May 20, 28 days after April 22. Defendant did not even contact the Court to obtain dates for a hearing on the dispute until after May 20.

A court may forgive the untimeliness of a discovery dispute upon a showing of good cause. Southern District of Florida Local Rule 26.1(g)(2)(B) ("Failure to submit a discovery dispute to the Court within the time periods . . . absent a showing of good cause, may, in the Court's discretion, constitute grounds for denial of the requested relief."). Courts have found good cause in certain instances where parties were conferring in an attempt to resolve a dispute without court intervention. *E.g., Wright v. Greensky Mgmt. Co.*, No. 20-CV-62441, 2022 WL 1908826, at *4 (S.D. Fla. June 3, 2022) (determining that "any delay on Plaintiffs' part in filing the . . . Motion was in part due to Plaintiffs' attempt to confer and resolve discovery matters by repeatedly contacting Defendants' counsel, rather than having the Court unnecessarily intervene and issue a discovery order" and finding good cause for the delay in bringing the discovery dispute to the court); *ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61272, 2017 WL 7794274, at *1 (S.D. Fla. July 26, 2017) ("However, the Parties['] correspondence suggests that ADP could have

reasonably believed that the Parties could work out Ultimate's objections without Court intervention. Thus, ADP had reasonable cause to delay filing its Motion [to Compel] while the Parties were conferring." (citation omitted)).

As its showing of good cause, Defendant contends that through late April and into May it repeatedly asked Plaintiff for clarification about what custodians and search terms she had used to search emails, and she did not provide clarification. DE 126 at 2–3; *see, e.g.*, DE 104-1 at 81, 87. Defendant's continuing attempts to resolve with Plaintiff any issues about an email search are commendable. At the same time, though, the parties were facing a May 2 discovery deadline. Defendant should not have waited until more than three weeks *after* the discovery deadline to bring to the Court a dispute over custodians and search terms for a search that it wishes to see conducted. The Court does not find good cause for Defendant's delay in bringing this issue to the Court. Defendant's request to compel Plaintiff to conduct an email search is denied as untimely.

Further, the Court would deny the request even if Defendant had presented it in a timely manner. Defendant asserts that it needs a full disclosure of emails because Plaintiff's witnesses intend to testify at trial about the course of her investigation into Defendant, DE 126 at 3, but Defendant has had the ability to inquire into the course of the investigation through requests to produce other documents, through interrogatories, and through depositions. Defendant has not identified any particular information that it believes an email search would reveal and that it maintains it has not already gathered—or at least had the opportunity to gather—through other discovery means. If the Court were to order the search that Defendant seeks, the search itself would take time, and Plaintiff would need to review the search results and possibly apply privilege redactions and create a privilege log. Again, the discovery deadline passed more than a month ago. Under these circumstances, the Court will not compel Plaintiff to conduct the email search

4

that Defendant seeks.[1]  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (stating that a "court must limit the frequency or extent of discovery" if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").

As a final matter on the issue of an email search, Defendant states that Plaintiff has refused to explain how she searched for the emails that she already produced to Defendant.  DE 104 at 2 ("The Department refuses to describe the ESI search process that resulted in the obviously deficient production." (emphasis omitted)); DE 126 at 3 (asserting that Plaintiff "refus[ed] to clarify how its email productions had been collected").  The Court orders Plaintiff to disclose to Defendant any custodians whose emails she searched and any search terms she applied for the emails she produced to Defendant.

**B. Plaintiff's Privilege Log**

As the second issue in the Motion to Compel, Defendant argues that Plaintiff's latest privilege log is deficient because it "does not provide the subject matter or the nature of the" withheld documents.[2]  DE 104 at 3.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

---

[1] This ruling is in parity with one made in the Court's last discovery Order in this case.  In that Order, the Court did not compel Defendant to expansively search internal emails, in part due to the time and resources required of such a search and the fact that Plaintiff did not move to compel the search until approximately two and a half weeks before the discovery deadline.  DE 99 at 11–12 ("The Court has considered the scope of discovery, *see* Fed. R. Civ. P. 26(b)(1)–(2), including the time and resources that would be required of an internal email search. The Court is also cognizant of the fact that Plaintiff did not file her Motion to Compel asking the Court to intercede in this issue until approximately two and a half weeks before the discovery deadline.").

[2] Defendant states that it received the privilege log on April 26.  DE 126 at 3.  As Defendant contacted the Court to obtain dates for a hearing on this dispute within 28 days of receiving the privilege log, and as Defendant maintains there was a delay in confirming a hearing date because Plaintiff's counsel was away from the office, *id.*, the Court will address the merits of the dispute.

5

Fed. R. Civ. P. 26(b)(5)(A). For documents and electronically stored information, a privilege log generally should include:

> (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel); (2) general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; and (4) such other information as is sufficient to identify the document or electronically stored information for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other[.]

Southern District of Florida Local Rule 26.1(e)(2)(B)(ii)(a).

Defendant is correct that Plaintiff's privilege log is deficient under the Local Rule because it does not include the "general subject matter of the document or electronically stored information." *See* DE 104-1 at 117–25 (privilege log). The Court has once already ordered Plaintiff to comply with the Local Rule when creating a privilege log. DE 50 at 11 ("The Court therefore resolves this dispute by ordering Plaintiff to provide Defendant with a revised privilege log that includes the information required under Rule 26 and Local Rule 26.1."). The Court again orders Plaintiff to revise her privilege log to include the information required under Rule 26 and Local Rule 26.1.

### III.   Conclusion

For the foregoing reasons, Defendant's Motion to Compel [DE 104] is **GRANTED IN PART AND DENIED IN PART**. Within 7 days of the date of this Order, Plaintiff must (1) disclose to Defendant any custodians whose emails she searched and any search terms she applied for the emails she produced to Defendant, and (2) revise her latest privilege log to include the information required under Federal Rule of Civil Procedure 26 and Southern District of Florida Local Rule 26.1.

The Court previously set an in-person Discovery Hearing on the Motion to Compel for June 24, 2024, at 1:30 p.m. Eastern Standard Time. Given that the Court has ruled on the Motion to Compel, the Discovery Hearing is converted into a Discovery Status Conference, to take place via Zoom Video Teleconference. To log in through ZoomGov Meeting, use meeting ID 16096518849 and passcode 752819. Participating counsel must appear by both audio and video.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 17th day of June, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE