IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>ARISE VIRTUAL SOLUTIONS INC.,<br><br>    Defendant. | Case Number 0:23-cv-61246-DMM |

## SETTLEMENT AGREEMENT

The Acting Secretary of Labor, United States Department of Labor (the "Department"), through the Wage and Hour Division, and Arise Virtual Solutions Inc. ("Arise") (the Department and Arise shall jointly be referred to as the "Parties"), pursuant to their mutual promises and intending to be legally bound, hereby stipulate and agree as follows:

1. The Department brought suit in the above-captioned matter, *Su v. Arise Virtual Solutions, Inc.*, Case Number 0:23-cv-61246-DMM (S.D. Fl.) (the "Lawsuit"), alleging that: (1) Arise misclassified Service Partners and their Agents under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA" or the "Act") as independent contractors; (2) Arise violated the FLSA's minimum wage provisions with respect to the Service Partners and Agents; (3) Arise violated the FLSA's overtime pay provisions with respect to the Service Partners and Agents; and (4) Arise violated the FLSA's recordkeeping provisions. Per the Court's July 1, 2024 Order, ECF No. 151, the relevant time period ("Relevant Time Period") for this litigation is June 29, 2021 through June 29, 2023.

1

2. Arise agrees that it is a covered enterprise under Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s), and that the provisions of the FLSA apply to Arise.

3. The Parties desire to avoid the costs and expenses of litigation and have determined to resolve all matters in controversy between the Department and Arise regarding the alleged violations set forth in Paragraph 2 above, without incurring the expense of trial.

4. Accordingly, Arise agrees to the following practices during the Monitoring Period as defined by 4(g). Arise's compliance with these terms shall not constitute evidence of, nor be admissible as evidence of, any violation of any provision of the FLSA in any future investigation or legal action brought by the Department against Arise (whether or not said legal action is brought pursuant to Paragraph 11):

    a) Arise will provide for payment of service revenue to the Service Partner for work performed by Agents that is at least equivalent to the federal minimum wage for all time said Agents spend servicing on the Arise® Platform, including time spent waiting for calls to come in; <u>provided</u>, <u>however</u>, that Arise will further ensure that, in situations where an Agent services for eight consecutive intervals in otherwise productive status, Arise will provide service revenue paid to the Service Partner for said Agent's break time (tracked as self-selected non-productive AUX) for said Agent that is at least equivalent to the federal minimum wage for up to a maximum of ten (10) minutes.

    b) (i) Arise will provide Service Partners with service revenue for time spent by Agents that is at least equivalent to the federal minimum wage for all time said Agents spend in the instructor-led portion of certification classes. (ii) In addition, Arise will provide Service Partners with service revenue that is at least equivalent to the federal minimum wage for the amount of self-paced time that Agents are expected to spend to

pass certification modules, as disclosed on the relevant Opportunity Announcement.  (iii) With respect to Paragraph 4(b)(ii), self-paced time may be broken into modules, and each module may need to be passed to take the next module.  Arise will include in each Opportunity Announcement the number of modules and the amount of self-paced time that each module is expected to take.  Agents need only complete self-paced work for a module once, as a result, additional self-paced work for a module is voluntary.  This budget for self-paced time will only be available the first time an Agent designated by a Service Partner takes a particular module.  (iii) The intent of Paragraphs 4(a)(i) and 4(a)(ii) is that the additional service revenue set forth therein should be used by Service Partners in its entirety to compensate Agents for all the time spent in the instructor-led portion of certification classes and for the expected self-paced time disclosed in the relevant Opportunity Announcement.  Accordingly, Arise will include the following language or its equivalent in Certification Statements of Work with Service Partners: "Arise has made the decision to pay service revenue to Service Partners for certification-related activity by their Agents.  Accordingly, Arise is providing this additional service revenue to Service Partners for the purpose of enabling the Service Partner to compensate Agents for time spent in connection with certification courses."  Service revenue paid under this Paragraph 4 shall include a computation of how the service revenue was calculated: based on time spent by Agents with regard to Paragraph 4(b)(i); based on the estimated amount of self-paced time disclosed on the Opportunity Announcement with regard to Paragraph 4(b)(ii); and based on the time actually spent on voluntary support resources with regard to Paragraph 4(c).

c) Arise will provide the Service Partner with an aggregate thirty (30) minute budget of service revenue per invoice period that each Agent may elect to spend with voluntary support resources and/or technical support (the latter only to the extent the technical issues pertain to the Arise Platform, as opposed to the Service Partner or Agent's technology) that is at least equivalent to the federal minimum wage for the amount of time, up to the total budgeted amount, that the Agent actually utilizes said resources. Any time voluntarily spent in excess of these budgeted hours need not generate service revenue.

d) Arise will further provide Service Partners with service revenue that is at least equivalent to the applicable federal overtime rate for any time an Agent spends servicing, in instructor-led certification, or using the budgeted time with support resources referenced in Paragraph 4(c), or any combination thereof, in excess of forty (40) hours during a defined one-week period within an invoice period. Arise may structure the Arise® Platform in a manner that prohibits Service Partners and their designated Agents from servicing enough intervals to trigger federal overtime requirements.

e) For purposes of Paragraphs 4(a), 4(b), and 4(c), any platform usage fee paid to Arise by the Service Partner during the relevant invoice period for each Agent will be deducted from the service revenue paid to the Service Partner when calculating whether the aggregate service revenue paid to the Service Partner for time spent by its Agent is at least equal to the federal minimum wage, and shall not reduce the aggregated service revenue paid to the Service Partner or time spent by the Agent below federal minimum wage.

f) Arise will keep records sufficient to demonstrate compliance with this Paragraph 4.

g) Arise represents that it needs to implement extensive changes to its business operations and software in order to comply with this Paragraph 4. Arise will have until March 15, 2025, to comply with the provisions of this Paragraph 4. Arise will provide the Department with a written verification confirming the date these changes have been fully implemented and compliance has occurred (the "Implementation Date") not later than March 30, 2025. Arise will also provide the Department written reports on progress toward implementation on September 30, 2024, December 31, 2024, and June 30, 2025.

h) Starting on the Implementation Date, and for the twelve (12) month period thereafter (the "Monitoring Period"), Arise's compliance with Paragraph 4 will be monitored by Michael J. Loeb (the "Monitor"). The cost of this monitoring will be capped at fifty thousand U.S. Dollars and no cents ($50,000.00) and will be paid for by Arise; provided, however, that additional compensation may be negotiated by the Monitor if more than an agreed-upon number of hours are necessary to fulfill his duties hereunder. During the Monitoring Period, Arise agrees to provide the Monitor all information reasonably necessary for the Monitor to conduct audits at the six-month and twelve-month mark of the Monitoring Period to assess compliance with Paragraphs 4 through 6.

5. It is therefore agreed that Arise shall pay three million U.S. Dollars and no cents ($3,000,000.00) to compensate the individuals listed on Exhibit A hereto, all of whom the

Department alleges to be misclassified as independent contractors, less the amounts designated to pay for the cost of third-party administration as referenced in Paragraph 5(c).

      a)      The payments set forth in this Paragraph shall be paid by Arise to the third-party administrator on the following timetable: one payment of one million one hundred thousand U.S. Dollars and no cents ($1,100,000.00) no later than December 31, 2024; four equal payments of three hundred fifty thousand U.S. Dollars and no cents ($350,000.00) no later than March 31, June 30, September 30, and December 31, of 2025, respectively; and two equal payments of two hundred fifty thousand U.S. Dollars and no cents ($250,000.00) no later than March 31 and June 30 of 2026, respectively. All monies paid hereunder shall be distributed by the third-party administrator to the individuals listed on Exhibit A, as described in this Paragraph 5.

      b)      The Department shall provide Exhibit A to Arise, listing the individuals to receive payments and the gross amount of said payments within sixty (60) calendar days of July 12, 2024.

      c)      When the payments set forth in this Paragraph 5 are mailed to the individuals set out in Exhibit A, they shall be accompanied by a Notice in the form attached hereto as Exhibit B releasing the claims at issue in the investigation and the Lawsuit, consistent with 29 U.S.C. § 216(c). The release shall also be in the form of Exhibit B. Exhibit A shows, for each individual Agent, the gross amount due. Arise shall engage ILYM Group, Inc., a third-party administrator, to hold all funds and distribute all payments to the individuals on Exhibit A. The third-party administrator will be responsible for maintaining these amounts in a separate fund and distributing them in compliance with this Agreement. The cost of engaging the third-party to distribute these

payments shall not exceed one hundred thousand U.S. Dollars and no cents ($100,000.00).  Any sums not distributed to the Agents or former Agents on Exhibit A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasury of the United States pursuant to 29 U.S.C § 216(c).  Arise shall have no obligation of any kind with respect to said sums after transferring them to the third party administrator.

6.      On July 12, 2024, the Parties shall execute a Consent Decree and Final Judgment and file it with the Court.

7.      Within ninety (90) calendar days of the full execution of this Settlement Agreement, Arise shall provide the Department with a statement showing the following information for Arise:  Arise's federal ID number; the name of each individual listed in Exhibit A; and each individual's most recent address on file with Arise.  The statement related to Arise shall be sent to the U.S. Department of Labor, Wage and Hour Division, care of Daniel Cronin at cronin.daniel@dol.gov and to ILYM Group, Inc.

8.      Arise shall not either directly or indirectly solicit or accept the return or refusal of any sums paid or due under this Settlement Agreement.  Arise shall not engage in any adverse action or in any manner discriminate against any individual listed on Exhibit A as a result of the Department's investigations or because any individual (whether or not on Exhibit A) has filed any complaint under or related to the Act or has spoken or provided information to the Department's representatives in connection with these investigations or participated in or received a distribution as a result of this Settlement Agreement or otherwise engaged in activity protected by the Act.

9.      The provisions of this Settlement Agreement shall not in any way affect any legal

right of any individual not named in Exhibit A.

10. In consideration for Arise's representations above, and its agreement to comply with the provisions of this Settlement Agreement and the Act, the Department agrees to refrain from instituting any legal action against Arise alleging violations of the FLSA disclosed by the aforesaid investigations between June 29, 2021 through July 12, 2024.

11. In the event that Arise materially fails to comply with the terms and conditions set forth at Paragraphs 4 through 5 above, the Department may, at its option, initiate such enforcement action as it deems appropriate, including but not limited to the institution of legal action seeking enforcement of this Settlement Agreement, or legal action pursuant to Sections 16(c), 16(e), and/or 17 of the Act, 29 U.S.C. §§ 216(c), 216(e), and/or 217, against Arise regarding any of the violations alleged in the Lawsuit.

    a) The Department shall not institute any legal action pursuant to this Paragraph 11 without first providing Arise with written notice of the alleged failure to comply with Paragraphs 4 through 5, after receipt of such notice Arise shall have sixty (60) calendar days to cure said alleged failure to comply. The Department shall not institute an action if the alleged failure to comply is cured within said sixty (60) calendar day period.

    b) In the event the Department initiates such legal action pursuant to Sections 16(c), 16(e), and/or 17 of the Act, 29 U.S.C. §§ 216(c), 216(e), and/or 217, Arise agrees to waive any defense based upon the passage of time since June 29, 2021, including the statute of limitations set forth at Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255, and that this Settlement Agreement constitutes the sole evidence required to prove such waiver; <u>provided</u>, <u>however</u>, that Arise does not waive any argument regarding the

appropriate length of the limitations period, including whether it acted willfully, and whether or not it acted in good faith, and any and all Court pronouncements on said issues shall remain in full force and effect as if this Settlement Agreement does not exist.

12. Arise's compliance with the terms of this Agreement, including but not limited to the provisions of Paragraphs 4 through 5, shall not constitute evidence of, nor be admissible as evidence of, any violation of any provision of the FLSA in any future investigation or legal action brought by the Department against Arise (whether or not said legal action is brought pursuant to Paragraph 11).

13. Any action commenced for the purpose of enforcing this Settlement Agreement may be filed in the United States District Court for the Southern District of Florida and shall be deemed a related case to the Lawsuit.

14. In the event that the Department commences any action against Arise pursuant to Paragraph 11 above, Arise shall be entitled to credits against appropriate liabilities for amounts already paid pursuant to this Settlement Agreement.

15. By entering into this Settlement Agreement, the Department does not waive its right to conduct future investigations under the Act, and to take any and all appropriate enforcement action, including assessment of liquidated damages and civil money penalties, with respect to any alleged violations disclosed by such investigations.

16. The Parties acknowledge and agree that this Agreement and the Parties' respective signatures on this Agreement, the Agreement itself, and all actions taken under and/or pursuant to this Agreement, are not and shall not be construed as an admission or acknowledgement of any fault or wrongdoing of any kind on the part of Arise in any proceeding, whether or not involving the Department of Labor.

17. This Agreement, and its terms and exhibits, may be modified only in writing signed by the parties or the counsel of record for the parties in the Lawsuit.

18. This Agreement may be executed in one or more faxed or e-mailed counterparts. All executed counterparts, and each of them, shall be deemed to be one and the same instrument. Copies of the complete set of executed counterparts may be used for all purposes in lieu of the originals and shall have the same force and effect as the originals.

19. Arise, the Department, and their respective counsel of record, shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all other things reasonably necessary to implement this Agreement.

20. Each party hereby agrees to bear its own fees and other expenses incurred in connection with any stage of this proceeding.

Stipulated and agreed to by the undersigned as of the 12th day of July, 2024.

FOR THE ACTING SECRETARY:

By:_____
Daniel Cronin
Director, Miami District Office
Wage and Hour Division
U.S. Department of Labor

FOR ARISE VIRTUAL SOLUTIONS, INC:

By: *Cathy Graf* (DocuSigned by: 8F20BDD7341E4C6...)
Cathy Mathews Graf
General Counsel
Arise Virtual Solutions Inc.

4895-1233-8893